IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

---

| | |
|---|---|
| DON A. ZACHARY, | |
|     Plaintiff, | |
| v. | Civil Action No. 3:24-CV-1551 |
| UNITED STATES ENVIROMENTAL PROTECTION AGENCY, et al., | |
|     Defendants. | |

## NOTICE OF REMOVAL

Defendant the United States Environmental Protection Agency (EPA) notifies the Court that the EPA removes the action pending as Cause No. 93534 in the district court for the 354th Judicial District, Hunt County, Texas to the Dallas Division of the U.S. District Court for the Northern District of Texas under 28 U.S.C. § 1442(a)(1) for the reasons explained below:

1.    Plaintiff Don Zachary sued the EPA[1] by filing an original petition for declaratory relief on April 18, 2024, under cause number 93534 in the district court for the 354th Judicial District, Hunt County, Texas. *See generally* Pet.[2] In the petition, Zachary alleges that following remediation efforts to decontaminate arsenic contaminated

---

[1] Zachary also sued the Texas Commission on Environmental Quality (TCEQ), Voluntary Purchasing Group (VPG), Bonny Corporation, Meridian Housing Company, The Estate of H. Dean Smith, and The Estate of Michael D. Smith.

[2] Citations to "Pet." refer to the Plaintiff's Original Petition for Declaratory Relief attached to this Notice of Removal under Local Civil Rule 81.7(a)(4)(C).

**Notice of Removal – Page 1**

land, including that of the surrounding Norris Community, an Agreement was entered into by the potentially liable parties and local property owners. Pet. ¶ 1–3. This Agreement allegedly subjected their properties "to restrictive covenants preventing the use of the properties for any purpose other than commercial, industrial, or open space." *Id.* ¶ 3. The Agreement also allegedly restrict residential property owners from constructing any additional, altering or demolishing any existing structure, driveway, sidewalk or other improvement on the property unless the property owner fully consults with the EPA, the Texas Natural Resource Conservation Commission, and their successor agencies. *Id.* ¶ 3. Zachary sues the EPA, among other Defendants, petitioning that the court declare his property rights in relation to the Agreement and, furthermore, declare what "full consultation" with the agency does and does not entail. *Id*. ¶¶ 10–12. The U.S. Attorney's Office first received a copy of the citation and petition on May 30, 2024.

      2.      This action is removable under 28 U.S.C. § 1442(a)(1) because section 1442(a)(1) authorizes removal of any "civil action . . . commenced in a State court" against "[t]he United States or any agency thereof . . . for or relating to any act under color of such office."

      3.      Section 1442(a)(1) removal protects the lawful activities of the federal government from state interference. *See Willingham v. Morgan*, 395 U.S. 402, 405–06 (1969). Unlike the general removal statute, which must be "strictly construed in favor of remand," *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002), "[t]he Supreme Court has stated that § 1442(a)(1) is to be construed broadly and 'should not be frustrated by a narrow, grudging interpretation,'" *Humphries v. Elliot Co.*, 760 F.3d 414, 417 (5th Cir. 2014) (quoting *Willingham v. Morgan*, 395 U.S. 402, 407 (1969)). A case may be removed even if a federal question arises as a defense rather than

as a claim apparent from the face of the plaintiff's well-pleaded complaint. *See Jefferson Cty., Ala. v. Acker*, 527 U.S. 423, 431 (1999).

4. "Removal under § 1442(a), unlike removal under § 1441, does not require the consent of co-defendants." *Humphries v. Elliott Co.*, 760 F.3d 414, 417 (5th Cir. 2014).

5. Here, removal is appropriate under section 1442(a)(1) because the EPA is an agency of the United States. Moreover, Zachary's petition makes it clear that he is suing the EPA for a declaratory judgment on what is required to satisfy a full consultation with the EPA under the Agreement—which would undoubtably be carried out as part of the federal agency's official duties and activities. *See* Pet. ¶ 12. The consent of the co-defendants is not required. *See Humphries*, 760 F.3d at 417.

\* \* \* \*

This case is removable under 28 U.S.C. § 1442(a)(1) and is removed.

Respectfully submitted,

LEIGHA SIMONTON
UNITED STATES ATTORNEY

*/s/ George M. Padis*
George M. Padis
Assistant United States Attorney
Texas Bar No. 24088173
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone:  214-659-8645
Facsimile:   214-659-8807
george.padis@usdoj.gov

*Attorneys for Defendant United States Environmental Protection Agency*

## CERTIFICATE OF SERVICE

      I certify that I electronically filed the above notice of removal with the clerk of court for the U.S. District Court, Northern District of Texas and served all parties in a manner authorized by Federal Rule of Civil Procedure 5(b)(2).

                                            */s/ George M. Padis*
                                            George M. Padis