UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DON A. ZACHARY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:24-CV-1551-B |
| | § | |
| THE UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, THE TEXAS COMMISSION ON ENVIRONMENTAL QUALITY, VOLUNTARY PURCHASING GROUPS, INC., BONNY CORPORATION, MERIDIAN HOUSING CO, THE ESTATE OF H. DEAN SMITH, AND THE ESTATE OF MICHAEL D. SMITH, | § § § § § § § § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION & ORDER

Before the Court are Plaintiff Don A. Zachary's Motion to Dismiss Defendants United States Environmental Protection Agency ("EPA") and Texas Commission on Environmental Quality ("TCEQ") without Prejudice and his Motion to Remand (Doc. 35). For the following reasons, the Court **GRANTS** the Motion to Dismiss Defendants EPA and TCEQ and **GRANTS** the Motion to Remand.

I.

BACKGROUND

This is a declaratory judgment action. In the early 1990s, the Texas Natural Resource Conservation Commission, the predecessor of TCEQ, detected high arsenic levels near an old chemical pesticide and defoliant plant in Commerce, Texas. Doc. 1-5, Pet., ¶¶ 1, 3. Defendant

Voluntary Purchasing Groups, Inc. ("VPG") now owns the site of the old plant. *Id.* The EPA "assumed responsibility for remediation of the site" in 1993. *Id.* ¶ 2. "More than one hundred local property owners entered into agreements ("Agreements") with VPG and several other potentially liable parties" that limited how property owners could develop the land. *Id.* ¶ 3. The Agreements also required the property owners, before making any improvements to their land, to "fully consult[]" the EPA and TCEQ and to "exercise[] due care to use . . . [their property] consistent with the interests of human health and the environment." *Id.*

Zachary sued the EPA, TCEQ, VPG, and several other defendants under the Texas Declaratory Judgments Act, seeking a "declaration of his rights under the Agreement to use and enjoy the real property for any lawful purpose, so long as he exercises due care to use . . . [his property] consistent with the interests of human health and the environment." *Id.* ¶ 11.

The EPA removed the case under 28 U.S.C. § 1442(a)(1), which allows for removal of cases filed against a federal agency. Doc. 1, Notice Removal, 1. Before the EPA or TCEQ filed an answer, Zachary filed a Motion to Dismiss both defendants without prejudice. Zachary also moved to remand the case to state court, arguing that without the EPA, the Court would lack subject-matter jurisdiction. Doc. 35, Mot., 1, 5. The Court considers the Motions below.

## II.

## LEGAL STANDARDS

A.   *Motion to Dismiss an Action*

Federal Rule of Civil Procedure 41(a)(1) allows a plaintiff to "dismiss an action without a court order by filing . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." FED. R. CIV. P. 41(a)(1)(A)(i). Thus, absent an answer or motion

for summary judgment, courts can construe plaintiffs' *motions* for voluntary dismissal as *notices* of voluntary dismissal under Rule 41(a)(1)(A). *See Williams v. Ezell*, 531 F.2d 1261, 1263 (5th Cir. 1976), *abrogated on other grounds by Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990). Under such construction, a "motion" for voluntary dismissal is "self-effectuating," eliminating the court's jurisdiction over the action. *Bechuck v. Home Depot U.S.A., Inc.*, 814 F.3d 287, 291 (5th Cir. 2016).

B.  Motion to Remand

"A motion to remand [a] case on the basis of any defect other than lack of subject-matter jurisdiction must be made within 30 days after the filing of the notice of removal." 28 U.S.C. § 1447(c); *In re Shell Oil Co.*, 932 F.2d 1518, 1522 (5th Cir. 1991). Since "[f]ederal courts are courts of limited jurisdiction," a district court must have original jurisdiction or supplemental jurisdiction over each claim. *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 537 (5th Cir. 2017); *see* 28 U.S.C. § 1367.  A district court may decline to exercise supplemental jurisdiction, and therefore remand the case, if "the claim [falling under the court's supplemental jurisdiction] substantially predominates over the claim or claims over which the district court has original jurisdiction, [or] the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(2)–(3); *see also Tobacco & Wine, Inc. v. Cnty. of Dallas*, 456 F. Supp. 3d 788, 793 (N.D. Tex. 2020) (Lindsay, J.).

## III.

## ANALYSIS

The Court grants Zachary's Motion to Dismiss the EPA and TCEQ without prejudice and grants his Motion to Remand.

A.    *The Court Grants the Motion to Dismiss the EPA and TCEQ.*

Rule 41(a)(1) allows a plaintiff to "dismiss an action without a court order by filing . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." FED. R. CIV. P. 41(a)(1)(A). This dismissal is without prejudice unless the plaintiff's notice provides otherwise. *Id.* 41(a)(1)(B). A plaintiff can file a Rule 41(a)(1) notice of dismissal without a court order "before the opposing party serves either an answer or a motion for summary judgment." *Id.* 41(a)(1)(A). Thus, a court may construe plaintiff's *motion* for voluntary dismissal as a Rule 41(a)(1) *notice* of dismissal if the defendant has not filed an answer. *See Williams*, 531 F.2d at 1263, *abrogated on other grounds by Cooter & Gell*, 496 U.S. at 395 (finding it a "distinction without a difference" that plaintiffs acting under Rule 41(a)(1) filed a "Motion for Dismissal"); *Abel v. Handshoe*, No. 13-88, 2013 WL 12320744, at *1–*2 (E.D. La. May 20, 2013) (holding a plaintiff could dismiss voluntarily under Rule 41(a)(1), despite filing a "motion" for voluntary dismissal, because neither defendant had "filed answers or motions for summary judgment"). Under such construction, a "motion" for voluntary dismissal is "self-effectuating," eliminating the court's jurisdiction over the litigation. *Bechuck*, 814 F.3d at 291.

Although Zachary moved to dismiss the EPA and TCEQ under Rule 41(a)(2), Doc. 35, Mot., 1, the Court construes Zachary's Motion as a notice of dismissal under Rule 41(a)(1)(A)(i). *See Williams*, 531 F.2d at 1263. As of the date he moved to dismiss, neither the EPA nor TCEQ had filed an answer or motion for summary judgment. Construing his motion as a notice filed under Rule 41(a)(1), the Motion would be "self-effectuating," thus "effectively terminat[ing]" his claims against the EPA and TCEQ. *Bechuck*, 814 F.3d at 291.

B.  *The Court Declines to Exercise Supplemental Jurisdiction Over the Remaining Claims.*

Under 28 U.S.C. § 1442(a), an agency of the United States may remove a case brought against it in state court "to the district court . . . for the district and division embracing the place wherein it is pending." As a result, § 1442(a) allows removal where "federal question removal" would not otherwise reach. *Latiolais v. Huntington Ingalls, Inc.*, 951 F.3d 286, 290 (5th Cir. 2020). Section 1442(a) does not independently confer subject-matter jurisdiction on a federal court. *See Mesa v. California*, 489 U.S. 121, 136 (1989). Instead, it "merely . . . overcome[s] the "well-pleaded complaint rule" so that a federal defense suffices to establish federal question jurisdiction. *Id.*; *see Jefferson Cnty., Ala. v. Acker*, 527 U.S. 423, 431 (1999) (noting that under § 1442(a), "the federal-question element is met if the defense depends on federal law"). Once a court establishes jurisdiction over a case removed under § 1442(a), the plaintiff dismissing the federal defendant and, in turn, dismissing the federal defense, does not strip the court of jurisdiction. *See Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000). This is because "[t]he jurisdictional facts that support removal must be judged at the time of removal." *Id.*; *see also Martin v. Hyundai Translead, Inc.*, No. 3:20-CV-2147-K, 2020 WL 6701806 at *6 (N.D. Tex. Nov. 13, 2020) (Kinkeade, J.) (applying this rule to a § 1442(a) removal). Thus, once a court determines it can exercise jurisdiction over the federal defense asserted under § 1442(a), it can also exercise supplemental jurisdiction over state-law claims in the same action. *See* 28 U.S.C. § 1367.

But a district court can decline to retain supplemental jurisdiction over and remand remaining, non-federal claims if the factors under 28 U.S.C. § 1367 weigh against exercising supplemental jurisdiction. For example, § 1367 weighs against a district court retaining jurisdiction if "the [non-federal] claim[s] substantially predominate[] over the claim or claims over which the

district court has original jurisdiction, [or] the district court has dismissed all claims over which it has original jurisdiction." *Id.* § 1367(c)(2)–(3); *see also Tobacco & Wine, Inc.*, F. Supp. at 793.

The Court finds remand appropriate here, without deciding the EPA's Motion to Dismiss (Doc. 20). The EPA removed the case under § 1442(a)(1), noting a federal defense, then moved to dismiss for lack of subject-matter jurisdiction, arguing that the EPA has sovereign immunity. Doc. 1, Notice Removal, ¶¶ 2–5; Doc. 20, Mot., 4–5. The Court did not rule on the EPA's motion. But if the Court had dismissed Zachary's claims against the EPA, the proper course would have been to remand the case, because the Court would have lacked original jurisdiction over every claim in this suit. *See Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 722–25 (5th Cir. 2002) (analyzing whether a district court had subject-matter jurisdiction and thus properly denied a motion to remand).

In any event, remand is proper. This Order dismisses the only claim that could have conferred original jurisdiction; Zachary only brought a state-law claim for declaratory relief, and the parties are not diverse. *See* 28 U.S.C. § 1367(c)(3); Doc. 1-5, Pet., ¶ 10. And the Court finds Zachary's non-federal claims "substantially predominate[]" over the claim against the now-dismissed EPA. *See id.* § 1367(c)(2). Thus, the § 1367 factors weigh against exercising supplemental jurisdiction over these remaining claims. Accordingly, the Court grants Zachary's motion to remand. *See Enochs v. Lampasas Cnty.*, 641 F.3d 155, 162–63 (5th Cir. 2011) (holding a district court abused its discretion in exercising supplemental jurisdiction after "all federal claims were deleted at the infancy of the case").

IV.

CONCLUSION

For the reasons discussed above, the Court **GRANTS** Zachary's Motion to Dismiss the EPA and TCEQ without prejudice and **GRANTS** his Motion to Remand. Zachary's claim against the EPA and the TCEQ are **DISMISSED WITHOUT PREJUDICE** and this case is **REMANDED** to the 354th Judicial District of Hunt County, Texas.

**SO ORDERED.**

**SIGNED: September 26, 2024.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE